## PENTLAND et al. v. DRAVO CORPORATION.

### No. 3391.

District Court, W. D. Pennsylvania.

March 14, 1945.

Kountz, Fry, Staley & Meyer, A. E. Kountz, William A. Meyer, and Austin L. Staley, all of Pittsburgh, Pa., for plaintiffs.

Charles F. Uhl, U. S. Atty., George Mashank, Asst. U. S. Atty., Thorp, Bostwick, Reed & Armstrong, John E. Laughlin, Jr., and J. Roland Johnston, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The above-entitled action has been instituted on behalf of a number of employes of defendant who claim to be entitled to recover overtime wages under the pro-

visions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The answer of the defendant was filed on February 21, 1945.

On February 14, 1945, counsel for plaintiffs filed an ex parte order for a subpoena duces tecum, which called upon certain officers of defendant to produce certain papers, not specifically designated by date or description, at a hearing fixed for the taking of depositions on February 23, 1945. The subpoena was ordered by the court, which overlooked the fact that the answer of defendant had not then been filed, and permission to take depositions had not been allowed as required by Federal Rules of Civil Procedure, rule 26, 28 U.S.C.A. following section 723c.

 The answer was filed on February 21, 1945, as stated supra, and counsel for defendant earlier on the same day appeared and moved to quash the subpoena filed on February 14, 1945. The first objection to the subpoena was waived, but counsel for defendant has strenuously maintained his motion as to the second part, in which the demand was to produce: "(b) All correspondence since January 1, 1944, between the Dravo Corporation, the defendant corporation, and the Wage and Hour Division, of the Department of Labor of the United States of America, and all correspondence since January 1, 1944, between the Navy Department of the United States of America and the defendant corporation, relating to the payment of overtime to employees of the Dravo Corporation, the defendant corporation."

It will be noted that no member of counsel for the plaintiffs has certified to the court that in his opinion the immediately foregoing matter was material or relevant to the issue. True, the motion for the subpoena was supported by an affidavit of a complainant which stated that the matter sought was material and relevant, but the court is much more inclined to consider the opinion of counsel than that of a person not even a member of the bar, and whose duty to the court is not that of counsel. As a matter of fact counsel, if he were to allege materiality and relevance in the correspondence subpoenaed, would be founding his opinion upon a mere guess—and such a guess is insufficient basis for submitting so much of the correspondence of the Government and defendant to scrutiny as is demanded by the subpoena.

The subpoena duces tecum, to the extent it includes the matter quoted supra, will be quashed and vacated.